**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| JOHN MAGLADERY; | ) | |
| EUGENE JOHNSON; | ) | |
| JOANNE VALDES; and | ) | |
| JOHN O'NEILL JR. | ) | |
| *Plaintiffs,* | ) | |
| | ) | Case No. 1:20-cv-176 |
| v. | ) | |
| ROBERT P. BERNARDI; | ) | |
| NIHAT CARDAK; | ) | |
| DANIEL BERNARDI; | ) | |
| STEPHENS, INC.; | ) | |
| THOMPSON, HUGHES, & | ) | |
| TROLLINGER, P.L.L.C.; | ) | |
| BAKER TILLY VIRCHOW KRAUSE, LLP; | ) | |
| BDO USA LLC; | ) | |
| TODD WINCUP; | ) | |
| ROBERT HISAOKA; and | ) | |
| BANK AMERICA CORPORATION | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## <u>COMPLAINT</u>

Plaintiffs, JOHN MAGLADERY ("Magladery"), EUGENE JOHNSON ("Johnson"), JOANNE VALDES ("Valdes"), and JOHN O'NEILL JR. ("O'Neill") (collectively "Plaintiffs") by and through undersigned counsel, files their complaint against Defendants ROBERT P. BERNARDI ("R. Bernardi"), NIHAT CARDAK ("Cardak"), DANIEL BERNARDI ("D. Bernardi"); STEPHENS, INC. ("Stephens"), THOMPSON, HUGHES, & TROLLINGER, P.L.L.C. ("Thompson"), BAKER TILLY VIRCHOW KRAUSE, LLP ("Baker Tilly"), BDO USA LLC ("BDO"), TODD WINCUP ("Wincup"), ROBERT HISAOKA ("Hisaoka"), and BANK

1

AMERICA CORPORATION ("BofA") (collectively "Defendants"), based on actual knowledge and information and belief states the following:

## NATURE OF ACTION

1. This is an action in diversity to: recapture and recover damages from Defendants R. Bernardi and Cardak, who as principals of GigaMedia Access Corporation ("Giga") and GigaMedia Holdings Corporation ("Giga Holdings"), created a Ponzi scheme to fraudulently induce the Plaintiffs to invest in and or loan money to Giga; to recapture and recover damages from D. Bernardi who was complicit with R. Bernardi and Cardak's Ponzi scheme and received fraudulent transfers from Giga, and made prohibited transfers of common and preferred stock; to recover damages from Defendants Stephens, Thompson, Baker Tilly and BDO, who as certified public accounts and/or financial advisors profited from the creation of fraudulent financial statements, and/or failed to conduct adequate due diligence in the creation of fraudulent financial statements which perpetuated the Ponzi scheme and were used to induce Plaintiffs' investment in Giga; and to recover damages from Defendants R. Bernardi, D. Bernardi, N. Cardak, Wincup and Hisaoka, Stephens, and BofA who knowingly made fraudulent and prohibited transfers of preferred stock and profited from the fraud.

## PARTIES

2. Plaintiff Magladrey is an adult citizen of the state of Maryland who purchased shares of Giga preferred stock and provided loans to Giga.

3. Plaintiff Johnson is an adult citizen of the state of Maryland who purchased shares of Giga preferred stock and provided loans to Giga.

4. Plaintiff Valdes is an adult citizen of the state of North Carolina who purchased shares of Giga preferred stock and provided loans to Giga.

5. Plaintiff O'Neill is an adult citizen of the state of Maryland who purchased shares of Giga preferred stock.

6. Defendant R. Bernardi is an adult citizen of the Commonwealth of Virginia and the former Chief Executive Officer (CEO), President, and Secretary of Giga.

7. Defendant N. Cardak is an adult citizen of the Commonwealth of Virginia and the former Chief Financial Officer (CFO) and Treasurer of Giga.

8. Defendant D. Bernardi is an adult citizen of the state of New Jersey, the son of R. Bernardi, and who profited from the Ponzi scheme.

9. Defendant Stephens is a financial services corporation organized under the laws of the state of Arkansas with its principal place of business in the state of Arkansas, and who profited from the Ponzi scheme, and aided in the fraudulent transfer of preferred stock.

10. Defendant Thompson is a certified public accountant limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business in the Commonwealth of Virginia, who provided misleading financial statements.

11. Defendant Baker Tilly is a certified public accounting limited liability company organized under the laws of the state of Delaware and authorized to transact business in the Commonwealth of Virginia who provided misleading financial statements.

12. Defendant BDO is a limited liability company organized under the laws of the state of Delaware and authorized to transact business in the Commonwealth of Virginia who provided misleading financial statements.

13. Defendant Wincup is an adult citizen of the District of Columbia who fraudulently transferred preferred stock.

14. Defendant Hisaoka is an adult citizen of the Commonwealth of Virginia who fraudulently transferred preferred stock.

15. Defendant BofA is a corporation organized under the laws of the state of Delaware and authorized to transact business in the Commonwealth of Virginia who aided in the fraudulent transfer of preferred stock.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over the state law claims asserted in this complaint under 28 U.S.C. §1332(a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17. This Court has personal jurisdiction over Defendants pursuant to the provisions of Va. Code §8.01-328.1.A.1 because the Defendants have transacted, and regularly transact, business in the Commonwealth of Virginia, and the cause of action asserted herein arise out of such business. This Court also has personal jurisdiction over Defendants pursuant to Va. Code §8.01-328.1.A.3 because Defendants caused tortious injury to Plaintiffs by acts or omissions in the Commonwealth of Virginia. This Court also has personal jurisdiction over Defendants pursuant to Va. Code §8.01-328.1.A.6 because Defendants have an interest in, use, or possess real property in the Commonwealth of Virginia.

18. Venue is proper under 28 U.S.C. §§ 127(a) and 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

19. Venue is proper in the Alexandria Division in which to file this Complaint because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Fairfax County.

## NATURE OF ACTION

### Ponzi Scheme

4

20. On or about September 22, 2004 Defendants R. Bernardi and N. Cardak created preferred stock offerings in which to entice Plaintiffs and other investors in to purchase Series D and Series E preferred stock in Giga, and subsequently with the aid of Defendant Stephens, created additional preferred stock offerings, and common stock offerings without the required shareholders' knowledge or approval.

21. The offerings and shareholder periodic updates were supported with fraudulent financial data supplied by Defendants Stephens, Baker Tilly, BDO, and/or Thompson showing steady year over year growth in revenue and culminating in showing Giga's revenue being $50 million in sales when in fact their revenue was a mere fraction of that.

22. The additional offerings were created to obtain new investors to pay off old investors and for Defendants R. Bernardi and N. Cardak to utilize the funds for their own personal gain.

23. To obtain Plaintiffs' and other investments in the Series D preferred stock, Defendants R. Bernardi and N. Cardak provided Notice to Investors (*See Exhibit 1*); Third Amended and Restated Registration Right Agreement dated September 22, 2004 (*See Exhibit 2*); Third Amended and Restated Stockholders' Agreement dated September 22, 2004 (*See Exhibit 3*); Series D Convertible Preferred Stock Unit Purchase Agreement (*See Exhibit 4*); Joinder Agreement (*See Exhibit 5*); and Series D Stock Certificate (*See Exhibit 6*) (collectively "Series D Documents"). Exhibits 1-6 are examples of the documents all Plaintiffs received for their investment.

24. To obtain Plaintiffs' and other investments in Series E preferred stock, Defendants R. Bernardi and N. Cardak provided Confidential Private Placement Memorandum (*See Exhibit 7*); Amended and Restated Registration Right Agreement dated September 1, 2007 (*See Exhibit 8*); Amended and Restated Stockholders' Agreement dated September 1, 2007 (*See Exhibit 9*);

Series E Convertible Preferred Stock Unit Purchase Agreement (*See Exhibit 10*); Joinder Agreement (*See Exhibit 11*); and Series E Stock Certificate (*See Exhibit 12*) (collectively "Series E Documents"). Exhibits 7-12 are examples of the documents all Plaintiffs received for their investment.

25. According to the Series E Convertible Preferred Stock Unit Purchase Agreement, the number of Series E preferred stock was to be limited to 20,000 shares. *Id. Recitals.*

26. According to the Amended and Restated Stockholders' Agreement dated September 1, 2007 a Founder wishing to sell shares of stock ("Selling Founder") requires notice to be given to the remaining Founders and Investors ("Remaining Founders"). *Id*. at 2(a).

27. Remaining Founders have the right of first refusal to purchase Selling Founder's stock under the same terms or elect to co-sell their same class of stock at the same terms. *Id.* at 2(b).

28. An investor wishing to sell their shares ("Selling Investor") also requires notice to be given to the remaining investors ("Remaining Investors"). *Id.* at 2(k).

29. Remaining Investors have the right of first refusal to purchase Selling Investor's stock under the same terms or elect to co-sell their same class of stock at the same terms. *Id.* at 2(l).

30. Founders or Investors that sell or transfer their stock in contravention of the  Amended and Restated Stockholders' Agreement dated September 1, 2007 are prohibited ("Prohibited Transfers"). *Id.* at 4(a).

31. The Remaining Investors are entitled to among other remedies exercise a "put option" on the offending Transferring Party, recoup all costs and attorney's fees. Id. at 4(a)(b).

32. Upon Plaintiffs' knowledge and belief, Defendants R. Bernardi and N. Cardak with support from Defendant Stephens, marketed, sold, and/or gave away over 70,000 shares of Series E preferred stock. *See Exhibit 13.*

33. Defendants R. Bernardi and N. Cardak, with the aid of Defendant Stephens sold additional new shares of Series E preferred stock and/or purchased, or facilitated the transfer of previously owned Series E preferred stock in order to pay previous shareholders in violation of the Act and Series E Documents.

34. Plaintiffs learned of Defendants R. Bernardi's and N. Cardak's Ponzi scheme when Giga's office closed, and documents seized due to an ongoing bank fraud and wire fraud investigation being conducted by the federal government. Giga subsequently filed for Chapter 7 bankruptcy.

35. Plaintiffs obtained more information about the extent of Defendant R. Bernardi and N. Cardak's fraudulent activities from Crystal Financial LLC filed their complaint and exhibits alleging fraud among other claims (19-cv-01506-AJT-IDD) in this Court.

### Plaintiffs Purchase of Preferred Stock and Loans to Giga

36. Plaintiff Magladery  invested $1,038,300.00 in Giga through the purchase of Series D and Series E preferred stock ("preferred stock") from the period of May 2006 through December 2017.

37. Plaintiff Johnson invested $400,000.00 in Giga through the purchase of Series D and Series E preferred stock ("preferred stock") from the period of December 2005 through December 2017.

38. Plaintiff Valdes invested $648,800.00 in Giga through the purchase of Series D and Series E preferred stock ("preferred stock") from the period of January 2006 through December 2014.

39. Plaintiff O'Neill invested $25,000.00 in Giga through the purchase of Series D preferred stock ("preferred stock") in February 2006.

40. On December 5, 2017 Plaintiff Magladery, at the request of Defendant R. Bernardi, loaned Giga $225,000.00 secured by 500,000 shares of preferred stock which was to be redeemed by June 30, 2018. *See Exhibit 14.*

41. Giga defaulted on the loan.

42. On March 23, 2018, Plaintiff Magladery, at the request of Defendants R. Bernardi, provided two loans to Giga in the amounts of $25,000.00 and $50,000.00. The loans were provided with the express conditions that the Notes be paid back with interest by June 15,  2018, and Giga would repurchase 250,000 shares of Magladery's preferred stock by June 30, 2018 for $187,000.00. *See Exhibit 15* (emails between Magladery and R. Bernardi March 22-28, 2018); *Exhibit 16* (Promissory Note dated March 15, 2018); *Exhibit 17* (Promissory Note dated March 23, 2018);   and *Exhibit 18* (Stock Sale and Purchase Agreement dated April 19, 2018)*.

43. Giga defaulted on the loan and redemption of Magladery's preferred stock.

44. On December 10, 2017 Plaintiff Johnson, at the request of Defendant R. Bernardi, loaned Giga $225,000.00 secured by 500,000 shares of preferred stock which was to be redeemed by June 30, 2018. *See Exhibit 19.*

45. Giga defaulted on the loan.

46. On February 14, 2018 Plaintiff Valdes, at the request of Defendant R. Bernardi, loaned Giga $100,000.00 secured by 222,000 shares of preferred stock which was to be redeemed by July 31, 2018. *See Exhibit 20.*

47. Giga defaulted on the loan.


## **Plaintiffs' Reliance on Financial Services Agents and Certified Public Accountants**


48. As an inducement for Plaintiffs to purchase preferred stock and to provide loans to Giga, Defendants R. Bernardi and N. Cardak provided the Plaintiffs with Independent Account

Review Reports from Defendant Thompson which grossly overstated Giga's financials, were false, misleading, and inaccurate. *See Exhibit 21.*

49. At the time Defendant Thompson created the Independent Account Review Reports they knew or should have known that the financial information was false, misleading, and inaccurate; the intended use of the financial reports were to obtain equity and other financing; and investors and lenders would reasonably rely on the financial information to purchase stock and/or loan money to Giga.

50. As an inducement for Plaintiffs to purchase preferred stock and to provide loans to Giga, Defendants R. Bernardi and N. Cardak provided the Plaintiffs with Audited Financial Statements from Defendant BDO which grossly overstated Giga's financials, were false, misleading, and inaccurate. *See Exhibit 22.*

51. At the time Defendant BDO created the Audited Financial Statements they knew or should have known that the financial information was false, misleading, and inaccurate; the intended use of the financial reports were to obtain equity and other financing; and investors and lenders would reasonably rely on the financial information to purchase stock and/or loan money to Giga.

52. As an inducement for Plaintiffs to purchase preferred stock and to provide loans to Giga, Defendants R. Bernardi and N. Cardak provided the Plaintiffs with Audited Financial Statements from Defendant Baker Tilly which grossly overstated Giga's financials, were false, misleading, and inaccurate.  *See Exhibit 23.*

53. At the time Defendant Baker Tilly created the Audited Financial Statements they knew or should have known that the financial information was false, misleading, and inaccurate; the intended use of the financial reports were to obtain equity and other financing; and investors

and lenders would reasonably rely on the financial information to purchase stock and/or loan money to Giga.

54. Defendant Baker Tilly provided unqualified auditor opinions. An "unqualified auditor opinion" is an independent auditor's judgment that a company's financial statements are fairly and appropriately presented, without any identified exceptions, and are compliant with generally accepted accounting principles ("GAAP"). Unqualified auditor opinions provide a high degree of assurance as to the accuracy of a company's financial records.

55. As an inducement for Plaintiffs to purchase preferred stock and to provide loans to Giga, Defendants R. Bernardi and N. Cardak provided the Plaintiffs with financial information, executive summaries, marketing material from Defendant Stephens which grossly overstated Giga's financial position and viability as a going concern. *See Exhibit 24.*

56. At the time Defendant Stephens created the marketing material which contained financial statements they knew or should have known that the financial information was false, misleading, and inaccurate; the intended use of the financial statements were to obtain equity and other financing; and investors and lenders would reasonably rely on the financial information to purchase stock and/or loan money to Giga.

## Robert Hisaoka Preferred Stock Sale

57. On or about November 12, 2018 Defendant Hisaoka  through Defendants R. Bernardi, Stephens, and BofA (via their Merrill Lynch Global Wealth Management division), facilitated a transfer of 1,300,000 Hisaoka' s Series E preferred stock to Saints Gigatrust LLC ("Saints") for $1,300,000.00 in violation of Securities Act of 1933 as amended (the "Act") and the

Amended and Restated Stockholder's Agreement dated September 1, 2007. *Id. See Exhibit 25* (Defendant R. Bernardi emails date November 16, 2018 and November 29, 2018); *See Exhibit 26* (Exhibit D Robert Hisaoka General Release of Claims);   and *See Exhibit 27* (BofA's Merrill Lynch transfer of 1,300,000 shares of Giga Series E preferred stock).

58. Upon Plaintiffs' knowledge and belief, Defendant Hisaoka' s total investment in Giga Series E preferred stock was $800,000.00 netting him a profit of $500,000.00 in exchange for his general release. *See Exhibit 28.*

59. Upon Plaintiffs' knowledge and belief, Defendants Stephens and BofA never reviewed the Series E Documents, obtained an opinion of counsel, or ensured the securities were registered in accordance with the Act.

### Todd Wincup Preferred Stock Sale

60. On May 7, 2019 Defendant Wincup filed a complaint against Giga and Defendant JPMorgan in United States District Court, Southern District of New York. *See Exhibit 29.*

61. Defendant Wincup admits in his complaint that Giga at the time of filing his complaint, had already paid Wincup $330,000. *Id* at 11.

62. Upon Plaintiffs' knowledge and belief, Defendant Wincup's total investment in Giga Series D and Series E preferred stock was $100,000.00 netting him a profit of $230,000.00. *See Exhibit 30.*

63. On June 5, 2019 Defendant Wincup voluntarily dismissed his complaint. *See Exhibit 31.*

64. Upon Plaintiffs' knowledge and belief, Defendants Wincup and R. Bernardi, settled Wincup's claim in order for him to voluntarily dismiss his complaint, netting him additional profit from

the sale of his preferred stock in violation of the Act and the Amended and Restated Stockholder's Agreement dated September 1, 2007. *Id.*

## Additional Stock Sales to Saints Giga LLC

65. On or about August 10, 2018, Defendants R. Bernardi, N. Cardak, Stephens, and BofA effected a transfer of Giga common stock, Series B preferred stock, Series E preferred stock, and Series F preferred stock. *See Exhibit 32.*

66. In a financing valuation questionnaire, when asked who the sellers were of the shares, Defendant's R. Bernardi and N. Cardak replied "this is confidential information we cannot disclose at this time." *See Exhibit 33. pg. 3 ¶4(a) (second (a)).*

67. Upon Plaintiffs knowledge and belief, the additional shares in part or in total were Defendants R. Bernardi's, D. Bernardi's, N. Cardak and/or R. Bernardi's other children.

## Daniel Bernardi

68. Defendant D. Bernardi is the son of Defendant R. Bernardi and is a portfolio manager at Lagovista Capital Management, L.P. He held himself out to be an advisor to Giga. *See Exhibit 34.*

69. Defendant D. Bernardi had a consulting agreement with Giga in which based on Plaintiffs' knowledge and belief he received approximately $185,000.00 per year and provide no services to Giga. *See Exhibit 35.*

70. Upon Plaintiffs' knowledge and belief, D. Bernardi received Giga financial transfers from Defendant R. Bernardi and was complicit with Defendants R. Bernardi and N. Cardak's Ponzi scheme.

### Nihat Cardak additional Fraud

71. Defendant N. Cardak, while on the payroll and performing in his role as CFO and Treasurer of Giga, he was double dipping by funneling funds through his accounting limited liability company Sovran Accounting LLC. *See Exhibit 36.*

### COUNT I: FRAUD
### R. Bernardi and N. Cardak

72. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 71 as set forth fully herein.

73. Defendants R. Bernardi and N. Cardak made false representations of the financial viability of Giga and the preferred stock issued.

74. Defendants R. Bernardi's and N. Cardak's false statements of Giga's financial viability and the number of shares of preferred stock issued were material facts the Plaintiffs relied upon to invest in Giga and to loan Giga money.

75. Defendants R. Bernardi and N. Cardak made the false statements of Giga's financial viability and the number of shares of preferred stock issued were done intentionally and knowingly.

76. Defendants R. Bernardi's and N. Cardak's false statements of Giga's financial viability and the number of shares of preferred stock issued were done with the intent to mislead the Plaintiffs in order to have them invest in Giga and to loan Giga money.

77. Plaintiffs reasonably relied on Defendants R. Bernardi's and N. Cardak's false statements of Giga's financial viability and the number of shares of preferred stock issued.

78. Plaintiffs have suffered damages due to Defendants R. Bernardi's and N. Cardak's false statements of Giga's financial viability and the number of shares of preferred stock issued.

79. Wherefore Defendants R. Bernardi and N. Cardak should be held jointly and severally liable and Plaintiff Magladery is entitled to compensatory damages in the amount of $1,263,300.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Magladery is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff Magladery is entitled to punitive damages against Defendants R. Bernardi and N. Cardak in an amount to be determined at trial.

80. Wherefore Defendants R. Bernardi and N. Cardak should be held jointly and severally liable and Plaintiff Johnson is entitled to compensatory damages in the amount of $625,000.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Johnson is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff Johnson is entitled to punitive damages against Defendants R. Bernardi and N. Cardak in an amount to be determined at trial.

81. Wherefore Defendants R. Bernardi and N. Cardak should be held jointly and severally liable and Plaintiff Valdes is entitled to compensatory damages in the amount of $748,800.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Valdes is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff Valdes is

entitled to punitive damages against Defendants R. Bernardi and N. Cardak in an amount to be determined at trial.

82. Wherefore Defendants R. Bernardi and N. Cardak should be held jointly and severally liable and Plaintiff O'Neill is entitled to compensatory damages in the amount of $25,000.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff O'Neill is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff O'Neill is entitled to punitive damages against Defendants R. Bernardi and N. Cardak in an amount to be determined at trial.

### COUNT II: CONSTRUCTIVE FRAUD
### R. Bernardi and N. Cardak

83. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 82 as set forth fully herein.

84. Defendants R. Bernardi and N. Cardak made false representations of the financial viability of Giga and the preferred stock issued.

85. Defendants R. Bernardi's and N. Cardak's false statements of Giga's financial viability and the number of shares of preferred stock issued were material facts the Plaintiffs relied upon to invest in Giga and to loan Giga money.

86. Defendants R. Bernardi and N. Cardak made the false statements of Giga's financial viability and the number of shares of preferred stock issued were done innocently or negligently, and as principals of Giga, they knew or should've known the statements were false.

87. Defendants R. Bernardi's and N. Cardak's false statements of Giga's financial viability and the number of shares of preferred stock issued were done with a complete disregard with Plaintiffs' ability to make informed decisions to invest in Giga and to loan Giga money.

88. Plaintiffs reasonably relied on Defendants R. Bernardi's and N. Cardak's false statements of Giga's financial viability and the number of shares of preferred stock issued.

89. Plaintiffs have suffered damages due to Defendants R. Bernardi's and N. Cardak's false statements of Giga's financial viability and the number of shares of preferred stock issued.

90. Wherefore Defendants R. Bernardi and N. Cardak should be held jointly and severally liable and Plaintiff Magladery is entitled to compensatory damages in the amount of $1,263,300.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Magladery is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

91. Wherefore Defendants R. Bernardi and N. Cardak should be held jointly and severally liable and Plaintiff Johnson is entitled to compensatory damages in the amount of $625,000.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Johnson is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

92. Wherefore Defendants R. Bernardi and N. Cardak should be held jointly and severally liable and Plaintiff Valdes is entitled to compensatory damages in the amount of $748,800.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Valdes is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

93. Wherefore Defendants R. Bernardi and N. Cardak should be held jointly and severally liable and Plaintiff O'Neill is entitled to compensatory damages in the amount of $25,000.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff O'Neill is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

**COUNT III:  FRAUDULENT TRANSFER UNDER VA. CODE §55.1-400**
**R. Bernardi**

94. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 93 as set forth fully herein.

95. Based on Plaintiffs' knowledge and beliefs Defendant R. Bernardi caused Giga to make one or more transfers to R. Bernardi with the intent to delay, hinder, or defraud existing and future creditors and shareholders of Giga, including Plaintiffs.

96. On information and belief, the amounts of such transfers were at least $2,075,000.

97. Plaintiffs, as a creditor of Giga, is entitled to a declaratory ruling that all such transfers made to R. Bernardi with the intent to delay, hinder, or defraud creditors are void.

98. Pursuant to Va. Code § 55.1-402, Plaintiff is entitled to a money judgment against R. Bernardi in the amount of such fraudulent conveyances, and is also entitled to a lien against R. Bernardi and his assets to the extent of such fraudulent conveyances, effective from the date of filing of this Complaint.

**COUNT IV:  FRAUDULENT TRANSFER UNDER VA. CODE §55.1-400**
**N. Cardak**

99. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 98 as set forth fully herein.

100. Based on Plaintiffs' knowledge and beliefs Defendant N. Cardak caused Giga to make one or more transfers to N. Cardak with the intent to delay, hinder, or defraud existing and future creditors and shareholders of Giga, including Plaintiffs.

101. On information and belief, the amounts of such transfers were at least $730,999.

102. Plaintiffs, as a creditor of Giga, is entitled to a declaratory ruling that all such transfers made to N. Cardak with the intent to delay, hinder, or defraud creditors are void.

103. Pursuant to Va. Code § 55.1-402, Plaintiff is entitled to a money judgment against N. Cardak in the amount of such fraudulent conveyances, and is also entitled to a lien against N. Cardak and his assets to the extent of such fraudulent conveyances, effective from the date of filing of this Complaint.

## COUNT V: VOIDABLE VOLUNTARY TRANSFER UNDER VA. CODE § 55.1-401
### R. Bernardi

104. Plaintiffs Magladery, Johnson, and Valdes reallege and incorporate herein by reference the allegations of numbered paragraphs 1 through 103 as set forth fully herein.

105. While R. Bernardi was Chief Executive Officer, President, and Secretary of Giga, and N. Cardak was Chief Financial Officer and Treasurer of Giga, Giga made one or more transfers to R. Bernardi without receiving valuable consideration in return.

106. On information and belief, the amount of such transfers was at least $600,000.

107. Such transfers were made while Giga was insolvent or had the effect of rendering Giga insolvent.

108. Plaintiffs Magladery, Johnson, and Valdes as creditors of Giga, are entitled to a declaratory ruling that all transfers made to R. Bernardi after closing of their loans made by Giga without receiving valuable consideration from Bernardi are void.

## COUNT VI: VOIDABLE VOLUNTARY TRANSFER UNDER VA. CODE § 55.1-401
### N. Cardak

109. Plaintiffs Magladery, Johnson, and Valdes reallege and incorporate herein by reference the allegations of numbered paragraphs 1 through 108 as set forth fully herein.

110. While R. Bernardi was Chief Executive Officer, President, and Secretary of Giga, and N. Cardak was Chief Financial Officer and Treasurer of Giga, Giga made one or more transfers to N. Cardak without receiving valuable consideration in return.

111. On information and belief, the amount of such transfers was at least $200,000.

112. Such transfers were made while Giga was insolvent or had the effect of rendering Giga insolvent.

113. Plaintiffs Magladery, Johnson, and Valdes as creditors of Giga, are entitled to a declaratory ruling that all transfers made to N. Cardak after closing of their loans made by Giga without receiving valuable consideration from Bernardi are void.

## COUNT VII: PRETRIAL LEVY OR SEIZURE OF ATTACHMENT UNDER VA. CODE § 8.01-534
### R. Bernardi

114. Plaintiffs Magladery, Johnson, and Valdes realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 113 as set forth fully herein.

115. Upon Plaintiffs Magladery's, Johnson's, and Valdes's knowledge and belief Defendant R. Bernardi fraudulently maintained his son D. Bernardi on Giga's payroll, who provided no services to Giga to distribute shareholder funds and creditor loans.

116. Upon Plaintiffs knowledge and belief Defendant R. Bernardi fraudulently transferred common stock to his three children, including D. Bernardi, and upon Plaintiffs knowledge and belief the stock was fraudulently transferred to Saints Giga LLC.

117. Defendant R. Bernardi has assigned or disposed of or is about to assign or dispose of his estate, or some part thereof, with the intent to hinder, delay or defraud Plaintiffs Magladery, Johnson, Valdes and other creditors.

118. Based on Defendant R. Bernardi's conduct, and pursuant to Va. Code §8.01-534, Plaintiffs Magladery, Johnson, and Valdes are entitled to a pretrial levy or seizure of R. Bernardi's assets.

**COUNT VIII: PRETRIAL LEVY OR SEIZURE OF ATTACHMENT UNDER VA. CODE § 8.01-534**
**N. Cardak**

119. Plaintiffs Magladery, Johnson, and Valdes realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 118 as set forth fully herein.

120. Upon Plaintiffs Magladery's, Johnson's, and Valdes's knowledge and belief Defendant N. Cardak spends three to four months of the year in Turkey.

121. Shortly after Giga's filing for chapter 7 bankruptcy, Defendant N. Cardak disappeared and was believed to be in Turkey.

122. It is Plaintiffs knowledge and belief that N. Cardak intends to transfer his assets out of the Commonwealth of Virginia.

123. Based on Defendant N. Cardak's conduct, and pursuant to Va. Code §8.01-534, Plaintiffs Magladery, Johnson, and Valdes are entitled to a pretrial levy or seizure of N. Cardak's assets.

## COUNT IX: FRAUD
## D. Bernardi

124. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 123 as set forth fully herein.

125. Defendant D. Bernardi obtained financial payments from Giga without consideration, thereby draining much needed assets from Giga.

126. Defendant D. Bernardi's receiving payments without providing Giga valuable consideration is a material fact on the financial viability of Giga. Plaintiffs relied on Giga management ensuring all revenues, investments, and loans were being used for business Giga purposes. Had Plaintiffs know that D. Bernardi was fraudulently on the payroll of Giga, they never would have invested in Giga preferred stock or loaned Giga money.

127. Defendant D. Bernardi made the false representations intentionally and knowingly that he was providing consideration for the remuneration received from Giga.

128. Defendant D. Bernardi's false representations were done with the intent to mislead the Plaintiffs and other creditors for his own personal gain.

129. Plaintiffs reasonably relied on the assets of Giga, Plaintiffs investments, and Plaintiffs loans were being used for Giga business purposes and not on Defendant D. Bernardi's false representations that he was providing financial consulting services to Giga.

130. Plaintiffs have suffered damages due to Defendant D. Bernardi's false representations that he was providing financial consulting services to Giga.

131. Wherefore Defendants D. Bernardi should be held liable and Plaintiffs are entitled to compensatory and punitive damages to be determined at trial.

## COUNT X: CONSTRUCTIVE FRAUD
### D. Bernardi

132. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 131 as set forth fully herein.

133. Defendant D. Bernardi made false representations that he was providing financial consulting services for which he was being paid by Giga.

134. Defendant D. Bernardi's false representations that he was providing financial consulting services to Giga for which he was receiving remuneration were material facts the Plaintiffs relied upon.

135. Even if Defendant D. Bernardi made the false representations that he was providing financial services for which he was receiving remuneration innocently or negligently, as financial advisor he knew or should've known the statements were false.

136. Defendant D. Bernardi's false representations that he was providing financial services to Giga in exchange for the remuneration of over $100,000.00 per year was done with a complete disregard with  Plaintiffs investment in Giga.

137. Plaintiffs reasonably relied on Defendant D. Bernardi's false representation of providing financial services to Giga.

138. Plaintiffs have suffered damages due to Defendant D. Bernardi's false representations of providing financial services to Giga for which he received over $100,000.00 per year.

139. Wherefore Defendant D. Bernardi should be held liable and Plaintiffs are entitled to compensatory damages  to be determined at trial plus interest pre and post judgment  at the rate allowed by law, and Plaintiffs are further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

## COUNT XI: FRAUD
### Stephens

140. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 139 as set forth fully herein.

141. Defendant Stephens induced Plaintiffs into purchasing preferred stock and providing loans to Giga by knowingly and intentionally making fraudulent misrepresentations regarding Giga's assets, financial viability, and outstanding shares.

142. Defendant Stephens knowingly and intentionally participated in the transfer of common stock and preferred stock to at least one other investor (namely Saints Giga Trust) in violation of the Act, Series D Documents, and Series E Documents.

143. Defendant Stephens false and misleading representations were material. Giga's financial viability and preferred stock transfer limitations were critical in Plaintiffs' decision to invest in Giga and make loans to Giga.

144. Defendant Stephens false representations of Giga's financial viability and the total shares outstanding were made with the intention to deceive and mislead Plaintiffs knowing they would rely on the false representations to purchase Giga preferred stock and lend money to Giga.

145. In the alternative, Defendant Stephens made false representations regarding Giga's financial viability and the sale of preferred stock shares, with reckless disregard for their truth, knowing

Plaintiffs would rely on the false representations in their determination to purchase preferred stock and/or loan money to Giga.

146. Plaintiffs reasonably relied on Defendant Stephens's false representations on Giga's financial viability and restrictions on the sale of the preferred stock in their determination to invest in Giga and loan Giga money.

147. Plaintiffs have suffered damages due to Defendant Stephens' s false representations.

148. Wherefore Defendants Stephens should be held liable and Plaintiff Magladery is entitled to compensatory damages in the amount of $1,263,300.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Magladery is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff Magladery is entitled to punitive damages against Defendant Stephens in an amount to be determined at trial.

149. Wherefore Defendant Stephens should be held liable and Plaintiff Johnson is entitled to compensatory damages in the amount of $625,000.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Johnson is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff Johnson is entitled to punitive damages against Defendant Stephens in an amount to be determined at trial.

150. Wherefore Defendant Stephens should be held liable and Plaintiff Valdes is entitled to compensatory damages in the amount of $748,800.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Valdes is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to

include post collection efforts. Furthermore, Plaintiff Valdes is entitled to punitive damages against Defendant Stephens in an amount to be determined at trial.

151. Wherefore Defendant Stephens should be held liable and Plaintiff O'Neill is entitled to compensatory damages in the amount of $25,000.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff O'Neill is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff O'Neill is entitled to punitive damages against Defendant Stephens in an amount to be determined at trial.

## COUNT XII: CONSTRUCTIVE FRAUD
### Stephens

152. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 151 as set forth fully herein.

153. Defendant Stephens induced Plaintiffs into purchasing preferred stock and providing loans to Giga by knowingly and intentionally making false misrepresentations regarding Giga's assets, financial viability, and outstanding shares.

154. Defendant Stephens negligently participated in the transfer of common stock and preferred stock to at least one other investor (namely Saints Giga Trust) in violation of the Act, Series D Documents, and Series E Documents.

155. Defendant Stephens false and misleading representations were material. Giga's financial viability and restrictions on preferred stock transfers were critical in Plaintiffs' decision to invest in Giga and make loans to Giga.

156. Defendant Stephens false representations of Giga's financial viability and the transfer of preferred stock shares in violation of the Act, Series D Documents and Series E Documents even if made innocently or negligently, were still misrepresentations of material facts in which Defendant Stephens knew Plaintiffs would reasonably rely on the false representations to purchase Giga preferred stock and lend money to Giga.

157. Plaintiffs reasonably relied on Defendant Stephens's false representations on Giga's financial viability and restrictions on the sale of the preferred stock in their determination to invest in Giga and loan Giga money.

158. Plaintiffs have suffered damages due to Defendant Stephens' s false representations.

159. Wherefore Defendants Stephens should be held liable and Plaintiff Magladery is entitled to compensatory damages in the amount of $1,263,300.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Magladery is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

160.  Wherefore Defendant Stephens should be held liable and Plaintiff Johnson is entitled to compensatory damages in the amount of $625,000.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Johnson is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

161. Wherefore Defendant Stephens should be held liable and Plaintiff Valdes is entitled to compensatory damages in the amount of $748,800.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Valdes is further entitled to damages for all fees, costs,

forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

162. Wherefore Defendant Stephens should be held liable and Plaintiff O'Neill is entitled to compensatory damages in the amount of $25,000.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff O'Neill is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

### COUNT XIII: FRAUD
### Thompson, Baker Tilly, BDO

163. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 162 as set forth fully herein.

164. Defendants Thompson, Baker Tilly and BDO induced Plaintiffs into purchasing preferred stock and providing loans to Giga by knowingly and intentionally making fraudulent misrepresentations regarding Giga's assets, financial viability.

165. Defendant Thompson's, Baker Tilly's, and BDO's false and misleading representations were material. Giga's financial viability being audited by a nationally recognized accounting firms were critical in Plaintiffs' decision to invest in Giga and make loans to Giga.

166. Defendant Thompson's, Baker Tilly's and BDO's false representations of Giga's financial viability in their independent accounting reviews were made with the intention to deceive and mislead Plaintiffs knowing they would rely on the false representations to purchase Giga preferred stock and lend money to Giga.

167. In the alternative, Defendants Thompson, Baker Tilly, and BDO made false representations regarding Giga's financial viability, with reckless disregard for their truth, knowing Plaintiffs would rely on the false representations in their determination to purchase preferred stock and/or loan money to Giga.

168. Plaintiffs reasonably relied on Defendant Thompson's, Baker Tilly's and BDO's false representations on Giga's financial viability in their determination to invest in Giga and loan Giga money.

169. Plaintiffs have suffered damages due to Defendant Thompson's, Baker Tilly's and BDO's false representations.

170. Wherefore Defendants Thompson, Baker Tilly, and BDO should be held jointly and severely liable and Plaintiff Magladery is entitled to compensatory damages in the amount of $1,263,300.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Magladery is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff Magladery is entitled to punitive damages against Defendants Thompson, Baker Tilly, and BDO in an amount to be determined at trial.

171.  Wherefore Defendants Thompson, Baker Tilly, and BDO should be held jointly and severely liable and Plaintiff Johnson is entitled to compensatory damages in the amount of $625,000.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Johnson is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff Johnson is entitled to punitive damages against Defendants Thompson, Baker Tilly, and BDO in an amount to be determined at trial.

172.   Wherefore Defendants Thompson, Baker Tilly, and BDO should be held jointly and severely liable and Plaintiff Valdes is entitled to compensatory damages in the amount of $748,800.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Valdes is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff Valdes is entitled to punitive damages against Defendants Thompson, Baker Tilly and BDO in an amount to be determined at trial.

173.   Wherefore Defendant Thompson, Baker Tilly, and BDO should be held jointly and severely liable and Plaintiff O'Neill is entitled to compensatory damages in the amount of $25,000.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff O'Neill is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiff O'Neill is entitled to punitive damages against Defendants Thompson, Baker Tilly and BDO in an amount to be determined at trial.

## COUNT XIV: CONSTRUCTIVE FRAUD
### Thompson, Baker Tilly, BDO

174.   Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 173 as set forth fully herein.

175.   Defendants Thompson, Baker Tilly, and BDO induced Plaintiffs into purchasing preferred stock and providing loans to Giga by knowingly and intentionally making false misrepresentations regarding Giga's assets and financial viability.

176. Defendants Thompson's, Baker Tilly's, and BDO's false and misleading representations were material. Giga's financial assets and viability were critical in Plaintiffs' decision to invest in Giga and make loans to Giga.

177. Defendants Thompson's, Baker Tilly's and BDO's false representations of Giga's assets and financial viability even if made innocently or negligently, were still misrepresentations of material facts in which Defendants Thompson, Baker Tilly, and BDO knew, or should have known, Plaintiffs would reasonably rely on the false representations to purchase Giga preferred stock and lend money to Giga.

178. Plaintiffs reasonably relied on Defendants Thompson's, Baker Tilly's and BDO's false representations on Giga's assets and financial viability in their determination to invest in Giga and loan Giga money.

179. Plaintiffs have suffered damages due to Defendants Thompson' s, Baker Tilly's and BDO's false representations.

180. Wherefore Defendants Thompson, Baker Tilly, and BDO should be held jointly and severely liable and Plaintiff Magladery is entitled to compensatory damages in the amount of $1,263,300.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Magladery is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

181.  Wherefore Defendants Thompson, Baker Tilly, and BDO should be held jointly and severely liable and Plaintiff Johnson is entitled to compensatory damages in the amount of $625,000.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Johnson is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

182. Wherefore Defendants Thompson, Baker Tilly, and BDO should be held jointly and severely liable and Plaintiff Valdes is entitled to compensatory damages in the amount of $748,800.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Valdes is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

183. Wherefore Defendants Thompson, Baker Tilly, and BDO should be held jointly and severely liable and Plaintiff O'Neill is entitled to compensatory damages in the amount of $25,000.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff O'Neill is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

## COUNT XV: FRAUD
**Wincup, Hisaoka, R. Bernardi, D. Bernardi, N. Cardak, Stephens, BofA**

184. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 183 as set forth fully herein.

185. Defendants Wincup, Hisaoka, R. Bernardi, D. Bernardi, N. Cardak knowingly, intentionally and fraudulently transferred their preferred stock in violation of the Act, Series D Documents and Series E Documents.

186. Defendants Stephens and BofA knowingly, intentionally and fraudulently aided at a minimum Defendants R. Bernardi and Hisaoka to transfer their preferred stock in violation of the Act, Series D Documents and Series E Documents.

187. The fraudulent transfers of preferred stock were material. Restrictions on the transfer of preferred stock was critical in Plaintiffs' decision to invest in Giga and make loans to Giga.

188. The fraudulent transfers of preferred stock were done with the intention to deceive and mislead Plaintiffs and allow Defendants to profit from the fraudulent transfers to the detriment of the Plaintiffs.

189. In the alternative, Defendants Wincup, Hisaoka, R. Bernardi, D. Bernardi, N. Cardak transferred their preferred stock, and Defendants Stephens and BofA aided in the transfer of preferred stock with reckless disregard and knowing Plaintiffs would rely on the restrictions placed on the transfer of preferred stock by the Act, Series D Documents, and Series E Documents and not discover their fraudulent transfers.

190. Plaintiffs reasonably relied on the restrictions placed on the transfer of preferred stock by the Act, Series D Documents, and Series E Documents and that all shareholders in Series D class and Series E class were held to the same standard in their determination to invest in Giga and loan Giga money.

191. Plaintiffs have suffered damages due to Defendants fraudulent transfers of the preferred stock.

192. Wherefore Defendants Wincup, Hisaoka, R. Bernardi, D. Bernardi, N. Cardak, Stephens, and BofA should be held jointly and severely liable and Plaintiffs are entitled to compensatory damages in the amount to be determined at trial plus interest pre and post judgment at the rate allowed by law. Plaintiffs are further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts. Furthermore, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

### COUNT XVI: BREACH OF CONTRACT
**Wincup, Hisaoka, R. Bernardi, D. Bernardi, N. Cardak**

193. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 192 as set forth fully herein.

194. Defendant Wincup, Hisaoka, R. Bernardi, D. Bernardi, and N. Cardak were legally bound by the terms and conditions set forth in the Series D Agreements and Series E Agreements (collectively "Agreements"), and owed a duty to Plaintiffs as shareholders of the same class of preferred stock.

195. Defendants Wincup, Hisaoka, R. Bernardi, D. Bernardi, and N. Cardak violated the terms and conditions of the Agreements when they made  Prohibited Transfers of their preferred stock.

196. Plaintiffs have suffered damages due to Defendants Wincup's, Hisaoka's, R. Bernardi's, D. Bernardi's and N. Cardak's Prohibited Transfers and breach of the Agreements.

197. Wherefore Defendants Wincup, Hisaoka, R. Bernardi, D. Bernardi, and N. Cardak should be held jointly and severely liable and Plaintiffs are entitled to compensatory damages in the amount to be calculated in accordance with the Agreements plus interest pre and post judgment at the rate allowed by law. Plaintiff Magladery is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

### COUNT XVII: NEGLIGENCE
### Thompson, Baker Tilly, BDO, Stephens

198. Plaintiffs realleges and incorporates herein by reference the allegations of numbered paragraphs 1 through 197 as set forth fully herein.

199. Defendants Thompson, Baker Tilly, and BDO knew or should have know that Plaintiffs and other investors would reasonably rely on the Defendants' audited financial and evaluation reports for the accuracy of the financial viability of Giga in making determinations on investing

and/or loaning money to Giga. Defendants Thompson, Baker Tilly, and BDO was negligent in not ensuring the financial data and analysis was a true and accurate representation of the viability of Giga.

200. Defendant Stephens knew or should have known the Plaintiffs and other investors would reasonably rely on the financial, operational, and management data and reports presented to the Plaintiffs and other investors for the accuracy of the financial viability of Giga in making determinations on investing and/or loaning money to Giga. Defendant Stephens was negligent in ensuring the financial, operational, and management data and reports of Giga was true and accurate.

201. Defendants Thompson, Baker Tilly, and BDO was negligent in providing misleading Giga audited financial and evaluation reports, in which the Plaintiffs relied on in making their investment and loan decisions.

202. Defendants Stephens were negligent in providing misleading Giga financial, operational, and management data and reports, in which the Plaintiffs relied on in making their investment and loan decisions.

203. Defendants Thompson's, Baker Tilly's, BDO's, and Stephens's negligence was the actual and proximate cause of the damages suffered by Plaintiffs.

204. Wherefore Defendants Thompson, Baker Tilly, BDO, and Stephens should be held jointly and severely liable and Plaintiff Magladery is entitled to compensatory damages in the amount of $1,263,300.00 plus interest pre and post judgment at the rate allowed by law. Plaintiff Magladery is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

205.  Wherefore Defendants Thompson, Baker Tilly, BDO, and Stephens should be held jointly and severely liable and Plaintiff Johnson is entitled to compensatory damages in the amount of $625,000.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Johnson is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

206.  Wherefore Defendants Thompson, Baker Tilly, BDO, and Stephens should be held jointly and severely liable and Plaintiff Valdes is entitled to compensatory damages in the amount of $748,800.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff Valdes is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

207.  Wherefore Defendants Thompson, Baker Tilly, BDO, and Stephens should be held jointly and severely liable and Plaintiff O'Neill is entitled to compensatory damages in the amount of $25,000.00 plus interest pre and post judgment  at the rate allowed by law. Plaintiff O'Neill is further entitled to damages for all fees, costs, forensic accounting fees, expert fees, attorney's fees associated with this cause of action to include post collection efforts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Magladery, Johnson, Valdes, and O'Neill respectfully request that judgment  be entered in their favor and against the Defendants, R. Bernardi, D. Bernardi, N. Cardak, Stephens, Thompson, Baker Tilly, BDO, Wincup, Hisaoka, and BofA as follows:

1.  With respect to all counts, that judgment be entered against Defendants, and each of them, as appropriate to the particular count;

2.  As to Count I, as to Defendants R. Bernardi and N. Cardak, hold them jointly and severely liable in the amounts of:  $1,263,300.00 to Plaintiff Magladery plus interest pre and post

judgment at the rate allowed by law; $625,000.00 to Plaintiff Johnson plus interest pre and post judgment at the rate allowed by law; $748,800.00 to Plaintiff Valdes plus interest pre and post judgment at the rate allowed by law; and $25,000.00 to Plaintiff O'Neill plus interest pre and post judgment at the rate allowed by law.  All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, plus punitive damages in an amount to be determined at trial, reasonable attorney's fees and other collection costs;

3.   As to Count II, as to Defendants R. Bernardi and N. Cardak, hold them jointly and severely liable in the amounts of:  $1,263,300.00 to Plaintiff Magladery plus interest pre and post judgment at the rate allowed by law; $625,000.00 to Plaintiff Johnson plus interest pre and post judgment at the rate allowed by law; $748,800.00 to Plaintiff Valdes plus interest pre and post judgment at the rate allowed by law; and $25,000.00 to Plaintiff O'Neill plus interest pre and post judgment at the rate allowed by law.  All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein and other collection costs;

4.   As to Count III, as to R. Bernardi in an amount to be proven at trial the amount of any and all fraudulent transfers made by Giga or Giga Holdings to R. Bernardi  or his family which were made with the intent to delay, hinder, or defraud creditors, including Plaintiffs Magladery, Johnson, and Valdes, and interest on the judgment at the rate allowed by law. Plaintiffs Magladery, Johnson, and Valdes are further entitled to compensatory damages for all other fees, costs and attorneys' fees associated with the collection efforts, and preparing and filing

the pleadings in this case and prosecuting the claims herein, plus reasonable attorneys' fees court costs, and other collection costs;

5. As to Count IV, as to N. Cardak in an amount to be proven at trial the amount of any and all fraudulent transfers made by Giga or Giga Holdings to N. Cardak or his accounting firm which were made with the intent to delay, hinder, or defraud creditors, including Plaintiffs Magladery, Johnson, and Valdes, and interest on the judgment at the rate allowed by law. Plaintiffs Magladery, Johnson, and Valdes are further entitled to compensatory damages for all other fees, costs and attorneys' fees associated with the collection efforts, and preparing and filing the pleadings in this case and prosecuting the claims herein, plus reasonable attorneys' fees court costs, and other collection costs;

6. As to Count V, as to R. Bernardi in an amount to be proven at trial the amount of any and all fraudulent transfers made by Giga or Giga Holdings to R. Bernardi or his family which were made without receiving reasonable equivalent value to the transferor, and interest on the judgment at the rate allowed by law. Plaintiffs Magladery, Johnson, and Valdes are further entitled to compensatory damages for all other fees, costs and attorneys' fees associated with the collection efforts, and preparing and filing the pleadings in this case and prosecuting the claims herein, plus reasonable attorneys' fees court costs, and other collection costs;

7. As to Count VI, as to N. Cardak in an amount to be proven at trial the amount of any and all fraudulent transfers made by Giga or Giga Holdings to N. Cardak his accounting firm which were made without receiving reasonable equivalent value to the transferor, and interest on the judgment at the rate allowed by law. Plaintiffs Magladery, Johnson, and Valdes are further entitled to compensatory damages for all other fees, costs and attorneys' fees associated with

the collection efforts, and preparing and filing the pleadings in this case and prosecuting the claims herein, plus reasonable attorneys' fees court costs, and other collection costs;

8.   As to Counts VII and VIII, a pretrial levy or seizure of all R. Bernardi's and N. Cardak's assets.

9.   As to Count IX, as to D. Bernardi in an amount to be proven at trial the amount of any and all fraudulent transfers made by Giga or Giga Holdings to D. Bernardi or his financial services firm which were made without receiving reasonable equivalent value to the transferor, and interest on the judgment at the rate allowed by law. All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, plus punitive damages in an amount to be determined at trial, reasonable attorney's fees and other collection costs;

10.   As to Count X, as to D. Bernardi in an amount to be proven at trial the amount of any and all fraudulent transfers made by Giga or Giga Holdings to D. Bernardi or his financial services firm which were made without receiving reasonable equivalent value to the transferor, and interest on the judgment at the rate allowed by law. All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein court costs, and other collection costs;

11.   As to Count XI, as to Stephens in the amounts of:  $1,263,300.00 to Plaintiff Magladery plus interest pre and post judgment at the rate allowed by law; $625,000.00 to Plaintiff Johnson plus interest pre and post judgment at the rate allowed by law; $748,800.00 to Plaintiff Valdes plus interest pre and post judgment at the rate allowed by law; and $25,000.00 to Plaintiff O'Neill plus interest pre and post judgment at the rate allowed by law.  All Plaintiffs are entitled

to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, plus punitive damages in an amount to be determined at trial, reasonable attorney's fees and other collection costs;

12. As to Count XII, as to Stephens in the amounts of:  $1,263,300.00 to Plaintiff Magladery plus interest pre and post judgment at the rate allowed by law; $625,000.00 to Plaintiff Johnson plus interest pre and post judgment at the rate allowed by law; $748,800.00 to Plaintiff Valdes plus interest pre and post judgment at the rate allowed by law; and $25,000.00 to Plaintiff O'Neill plus interest pre and post judgment at the rate allowed by law.  All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, court costs and other collection costs;

13. As to Count XIII, as to Thompson, Baker Tilly and BDO, hold them jointly and severely liable in the amounts of:  $1,263,300.00 to Plaintiff Magladery plus interest pre and post judgment at the rate allowed by law; $625,000.00 to Plaintiff Johnson plus interest pre and post judgment at the rate allowed by law; $748,800.00 to Plaintiff Valdes  plus interest pre and post judgment at the rate allowed by law; and $25,000.00 to Plaintiff O'Neill plus interest pre and post judgment at the rate allowed by law.  All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, plus punitive damages in an amount to be determined at trial, reasonable attorney's fees and other collection costs;

14. As to Count XIV, as to Thompson, Baker Tilly, and BDO, hold them jointly and severely liable in the amounts of:  $1,263,300.00 to Plaintiff Magladery plus interest pre and post judgment

at the rate allowed by law; $625,000.00 to Plaintiff Johnson plus interest pre and post judgment at the rate allowed by law; $748,800.00 to Plaintiff Valdes plus interest pre and post judgment at the rate allowed by law; and $25,000.00 to Plaintiff O'Neill plus interest pre and post judgment at the rate allowed by law. All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, court costs other collection costs;

15. As to Count XV, as to Wincup, Hisaoka, R. Bernardi, D. Bernardi, N. Cardak, Stephens, and BofA, an amount to be proven at trial. All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, plus punitive damages in an amount to be determined at trial, reasonable attorney's fees, court costs, and other collection costs;

16. As to Count XVI, as to Wincup, Hisaoka, R. Bernardi, D. Bernardi, N. Cardak, Stephens, and BofA, an amount to be proven at trial. All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, court costs, and other collection costs;

17. As to Count XVII, as to Thompson, Baker Tilly, BDO, and Stephens hold them jointly and severely liable in the amounts of:  $1,263,300.00 to Plaintiff Magladery plus interest pre and post judgment at the rate allowed by law; $625,000.00 to Plaintiff Johnson plus interest pre and post judgment at the rate allowed by law; $748,800.00 to Plaintiff Valdes  plus interest pre and post judgment at the rate allowed by law; and $25,000.00 to Plaintiff O'Neill plus interest

pre and post judgment at the rate allowed by law.  All Plaintiffs are entitled to compensatory damages for all other fees, costs, forensic accounting cost, and attorney's fees including but not limited to filing the pleadings in the matter and prosecuting the claims herein, court costs other collection costs;

18.   Granting Plaintiffs all other relief this Court deems just and proper.


Dated February 19, 2020


Respectfully submitted,

**Heidt Law Firm, PLLC**
*Attorney for Plaintiffs*


/s/ Alex R. Heidt

Alex R. Heidt (VSB No. 48372)
11230 Waples Mill Rd. STE 105
Fairfax, VA 22030
Telephone: (703) 567-7903
Fax: (703) 563-6312
alexheidt@heidtlawfirm.com